IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK PEREZ, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | No. 3:20-cv-02092-M(BT) |
| | § | |
| K. ZOOK, | § | |
|     Respondent. | § | |

### **FINDINGS, CONCLUSIONS AND RECOMMENDATION**
### **OF THE UNITED STATES MAGISTRATE JUDGE**

Mark Perez, a federal prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the following reasons, the Court should dismiss the petition.

I.

Perez is an inmate at the Federal Correctional Institution (FCI) Seagoville, in Seagoville, Texas, and he has been assigned to that prison since August 4, 2016. App. 3 (ECF No. 7). He is serving a 10-year sentence for conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846. *Id.*; *see also* App. 6-8 (ECF No. 7). His current projected release date is June 14, 2022. *Id.*

II.

In his sole claim, Perez argues that he is not receiving reasonable treatment, and he has been unreasonably exposed to injury and/or death. Pet. 6 (ECF No. 3). Specifically, he claims that, due to his lupus—an

autoimmune disorder—he is at a greater risk for serious injury or death caused by COVID-19. *Id.* 7. However, this claim addresses a condition of confinement, is not properly raised in a habeas action, and should be addressed in an action filed under 42 U.S.C. § 1983.

In *Rice v. Gonzalez,* 985 F.3d 1069 (5th Cir. 2021), the Fifth Circuit Court of Appeals held:

> At least one other circuit court has held in a published opinion that Section 2241 provides jurisdiction and potential relief for federal prisoners to seek COVID-related release from custody. *Wilson v. Williams,* 961 F.3d 829, 837-39 (6th Cir. 2020). But the circuit's precedential, published case law is otherwise. In any event, COVID-19 relief claims in this circuit have been handled pursuant to 42 U.S.C. § 1983. *Valentine v. Collier,* 956 F.3d 797 (5th Cir. 2020) (*Valentine* I); *Valentine v. Collier,* 978 F.3d 154 (5th Cir. 2020) (*Valentine* II); *Marlowe v. LeBlanc,* 810 Fed. App'x 302 (5th Cir. 2020).

*Id.* at 1070 n.2; *see also Livas v. Myers,* 455 F.Supp.3d 272, 281-83 (W.D. La. April 22, 2020) (in case brought under § 2241 by prisoners seeking release because of COVID-19, noting the lack of Fifth Circuit precedent allowing conditions of confinement claims to be brought under § 2241 and dismissing complaint for lack of subject-matter jurisdiction); *Sacal-Micha v. Longoria,* 2020 WL 1815691, at *6 & 5 n.6 (S.D. Tex. Apr. 9, 2020) (in habeas case by petitioner seeking release from a detention center based on COVID-19, noting the Fifth Circuit had not recognized habeas corpus as a permissible avenue for relief from alleged inadequate conditions of confinement).

Considering the Fifth Circuit's rejection of a similar claim based on *Wilson v. Williams,* 961 F.3d 829 (6th Cir. 2020), and the Fifth Circuit's statement that "habeas is not available to review questions unrelated to the cause of detention," *Rice,* 985 F.3d at 1070 (quoting *Pierre v. United States,* 525 F.2d 933, 935-36 (5th Cir. 1976)), the Court should dismiss Perez's claim because it does not warrant federal habeas relief.[1]

Respondent argues that Perez's case should also be dismissed because he failed to exhaust his administrative remedies and is not entitled to the relief he seeks. Because his sole claim is a civil claim, the Court should pretermit consideration of these additional arguments.

III.

For the foregoing reasons, the Court should dismiss Perez's § 2241 petition.

Signed January 11, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

---

[1] The relief Perez seeks is appropriately sought under the First Step Act of 2018 (FSA) and filed under 18 U.S.C. § 3582(c)(1)(A), not under § 2241. *See Himmel v. Upton,* 2019 WL 1112923, at *2 n.6 (N.D. Tex. Mar. 11, 2019) ("[A]ny motion for compassionate release under the newly amended provision of 18 U.S.C. § 3582(c)(1)(A) should be filed in the sentencing court.").

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).